188 So.2d 13 (1966)
POWER SKI OF FLORIDA, INC., a Florida Corporation, Appellant,
v.
ALLIED CHEMICAL CORPORATION, a New York Corporation, Appellee.
No. 65-756.
District Court of Appeal of Florida. Third District.
June 7, 1966.
Rehearing Denied July 15, 1966.
Kelly, Paige, Black & Black, Miami, for appellant.
Dixon, DeJarnette, Bradford, Williams, McKay & Kimbrell, Miami, and James H. Walsh, Jacksonville, for appellee.
Before HENDRY, C.J., and CARROLL and BARKDULL, JJ.
PER CURIAM.
The appellant, plaintiff in the trial court, seeks review of a summary judgment entered in favor of the defendant, Allied Chemical Corporation, in a suit for damages allegedly arising out of a breach of an implied warranty. The appellant, a remote ultimate purchaser, sought to recover property damage from the manufacturer of a component part of the purchased product, which is neither a foodstuff nor a dangerous instrumentality.
The appellant manufactured, assembled and sold outboard powered watercraft under the trade name of Power Ski. This craft consisted of two fiberglass pontoon shells filled with a substance and covered by a metal deck. The defendant, Eubanks Industries, Inc., pursuant to a contract with the appellant, manufactured the pontoons for the power skis. The defendant, Allied Chemical Corporation, through its exclusive distributor [Southern Resin and Fiberglass Co.], furnished Eubanks with a substance [PFR-23] which was used to fill the fiberglass pontoon shells. The defendant, Allied Chemical Corporation, through its distributor furnished technical data sheets, stating that PFR-23 would not expand at *14 temperatures up to 200. The appellant alleges that Eubanks stored and mixed the substance properly and incorporated it into the pontoons properly. Nevertheless, the substance abnormally expanded about one-quarter of an inch on exposure to warm sunlight, after the appellant's power skis had been furnished to customers. This expansion burst apart the pontoons, rendering the power skis unfit for use. The customers returned the power skis and the appellant brought this action for the resulting damages.
Several facts are in controversy, such as whether Allied Chemical knew of the tendency of the product to expand in the sunlight; whether it knew the product would be used for the purposes for which it was used; and whether it was mixed correctly by Eubanks Industries, among other allegations.
It is admitted by the plaintiff that it was not in direct privity with the manufacturer. However, it contends that pursuant to the decisions in Continental Copper & Steel Indus. v. E.C. "Red" Cornelius, Inc., Fla.App. 1958, 104 So.2d 40; Bernstein v. Lily-Tulip Cup Corporation, Fla.App. 1965, 177 So.2d 362, this is no longer a necessary prerequisite to a breach of implied warranty case. We agree, and reverse the matter for a trial on the issues as made by the pleadings.
Of course, a crucial issue to be determined will be whether or not the ingredients supplied by the manufacturer were compounded in accordance with directions. Certainly a manufacturer should not be liable for a product which fails because it was improperly compounded, mishandled or misused.
Therefore, for the reasons above stated, the summary final judgment here under review is hereby reversed, and this cause is remanded for further proceedings not inconsistent herewith.
Reversed and remanded, with directions.