■ PAUL SCHWARTZ, Respondent, v. MACROSE LUMBER & TRIM CO., INC., et al., Appellants-Respondents. WILMOD COMPANY, INC., Third-Party Plaintiff Appellant-Respondent, v. NISSHO AMERICAN CORP., Third-Party Defendant-Appellant. — Appeals by defendants from stated parts of a judgment of the Supreme Court, Queens County, entered June 13, 1966 after a nonjury trial, and by third-party defendant from the entire judgment and from an order of said court dated August 23, 1966, which denied its motion to resettle the judgment. The judgment is in favor of plaintiff against the three defendants; in favor of the two Macrose defendants on their cross claims against defendant Wilmod; and in favor of defendant Wilmod on its third-party complaint. Judgment reversed, on the law and the facts; and complaint, cross claims and third-party complaint dismissed, with one bill of costs payable by plaintiff to appellants filing separate briefs. Appeal from order dismissed, as academic, without costs. Plaintiff sued, on theories of negligence and breach of warranty, to recover damages for an injury to his eye claimed to have been sustained while he was hammering a nail through a stud into a concrete basement wall. In our opinion, his proof was not sufficient to establish that his injury was caused by the shattering of the nail and the effect of the head of the nail striking his eye. Plaintiff himself testified that he did not know what had struck his eye; though the nail was found with its head missing, the nailhead was not found; nor was the portion of the nail retained after the accident or submitted into evidence at the trial. The injury to plaintiff's eye could have resulted from a wood splinter from the stud or a piece of concrete from the wall. "Where the facts proven show that there are several possible causes of an injury, for one or more of which the defendant was not responsible, and it is just as reasonable and probable that the injury was the result of one cause as the other, plaintiff cannot have a recovery, since he has failed to prove that the negligence of the defendant caused the injury" (*Ingersoll* v. *Liberty Bank of Buffalo,* 278 N. Y. 1, 7; see also, *Filanowicz* v. *Guarino,* 27 A D 2d 666). Thus, in our view, plaintiff's evidence was insufficient to demonstrate a causal relation between his injury and the asserted defect in the nail sold to him. Christ,

Acting P. J., Brennan, Hopkins, Benjamin and Munder, JJ., concur. [50 Misc 2d 547; 50 Misc 2d 1055.]