GEORGE WALK, Appellant, *v.* J. I. CASE COMPANY, Respondent.

Third Department, February 25, 1971.

*Frank J. Williams, Jr.,* for appellant.

*Maynard, O'Connor & Smith (John A. Murray* of counsel), for respondent.

GREENBLOTT, J. This is an appeal from a judgment of the Supreme Court in favor of defendant, entered June 18, 1970 in Albany County, upon a dismissal of the complaint by the court at a Trial Term, at the close of plaintiff's case.

Appellant seeks to recover from the manufacturer of a corn picking machine for the loss of a hand suffered while he was removing corn husks from the machine's snapping rollers. The complaint alleges three causes of action, the first in negligence, based upon unsafe and unreasonably dangerous design; the second in warranty, based upon a representation that the machine was designed and manufactured in such a way that it could be safely used for its intended purpose; and the third, based upon dangerous design and manufacture.

The trial court properly dismissed the first cause of action. In New York, a manufacturer's liability in negligence to a remote user is limited to latent or hidden defects and of giving notice of concealed dangers. In *Campo* v. *Scofield* (301 N. Y. 468, 471–472), a case similar to the instant case, the Court of Appeals stated: " The manufacturer of a machine or any other article, dangerous because of the way in which it functions, and patently so, owes to those who use it a duty merely to make it free from latent defects and concealed dangers. Accordingly, if a remote user sues a manufacturer of an article for injuries suffered, he must allege and prove the existence of a latent defect or a danger not known to plaintiff, or other users.     *     *     *
" If a manufacturer does everything necessary to make the machine function properly for the purpose for which it is designed, if the machine is without any latent defect, and if its functioning creates no danger or peril that is not known to the user, then the manufacturer has satisfied the law's demands."

As in this case, the *Campo* case (*supra*) involved a piece of machinery which used open rollers which were dangerous when touched while the machine was still running. There were no latent defects and any danger involved in its use was not hidden, but was open and known to the plaintiff. In the instant case,

a warning plate was placed on the machine which cautioned against cleaning the machine while it was in operation.

The trial court's finding that appellant was guilty of contributory negligence as a matter of law is supported by the record. Appellant knowingly chose the dangerous course of cleaning the machine while it was in operation.

The second cause of action, in express warranty, was properly dismissed by the trial court, since no proof of breach of an express warranty was produced.

Similarly, the third cause of action was properly dismissed. Appellant contends that this cause of action is based on strict tort liability which theory was rejected by the trial court. There is a difference of opinion as to whether or not New York has accepted the theory of strict tort liability. Regardless of whether this cause of action is based on strict tort liability or implied warranty (see *Mendel* v. *Pittsburgh Plate Glass Co.*, 25 N Y 2d 340 [majority and dissenting opns.]) there can be no recovery under the facts of this case. Appellant's operation of the machine in a manner contrary to the instructions given for its use, was clearly both an assumption of the risk and a misuse of the product, and bars his recovery as a matter of law.

The judgment should be affirmed, without costs.

HERLIHY, P. J., REYNOLDS, STALEY, JR., and SWEENEY, JJ., concur.

Judgment affirmed, without costs.