495 P.2d 1113

**John F. CHISHOLM and C. M. Manning, Plaintiffs-Appellants,**

**v.**

**J. R. SIMPLOT COMPANY, d/b/a Simplot Soilbuilders and E. I. du Pont de Nemours & Company, a corporation, Defendants-Respondents.**

**No. 10667.**

Supreme Court of Idaho.

April 13, 1972.

3. Hendrix v. Gold Ridge Mines, Inc., 56 Idaho 326, 337–338, 54 P.2d 254 (1936).

Parsons & Smith, Burley, for plaintiffs-appellants.

Moffatt, Thomas, Barrett & Blanton, Boise, and Church, Church & Snow, Burley, for respondent, J. R. Simplot Co.

Holden, Holden, Kidwell, Hahn & Crapo, Idaho Falls, for respondent, E. I. du Pont de Nemours & Co.

DONALDSON, Justice.

In 1965, the appellants C. M. Manning and John F. Chisholm entered into a joint farming venture near Malta, Idaho. Respondent E. I. du Pont de Nemours & Company was the manufacturer and respondent J. R. Simplot Company, hereinafter called "Simplot," was the seller of a weed killer called "Lorox," which was purchased by the appellants for use on their potato field. The appellants decided to use Lorox after attending a weed-control meeting, arranged by a representative of Simplot, which was held at Chisholm's place of business in November, 1965. At this meeting, which other growers also attended, a representative of the manufacturer presented slides illustrating the effectiveness of Lorox; he also discussed proper usage of the chemical.

The appellants planted their seed potatoes from April 25 to May 12, 1966. The pre-emergent herbicide Lorox was applied to the east portion of their farm on May 15 and to the west portion between May 21 and May 23, 1966. Sprinkler irrigation commenced on May 27, 1966; the field was irrigated in sections by moving irrigation pipes daily from south to north, irrigation of the entire field being completed after twelve days, on June 8, 1966. The potato crop did not prosper, and in August, 1966, the field was abandoned because it was not economically feasible to harvest the crop.

The appellants claim that weeds caused the loss of their entire crop; that they relied on Lorox for weed control; and that this chemical failed to do the job, thereby destroying the crop. The respondents contend that the appellants did not follow directions in applying Lorox; that the weeds causing problems were of a kind the appellants knew Lorox was not supposed to kill; and that the loss of the potato crop was caused by bad farming practices, inclement weather, poor soil, bad water, and other deleterious factors.

The appellants' action was originally based on two theories, negligence and breach of warranty. In a counterclaim Simplot sought payment for the seed, fertilizers, and Lorox furnished to the appellants. The trial court dismissed the appellants' negligence action because the statute of limitations had run. That dismissal has not been assigned as error. Thereafter,

the trial proceeded upon the sole theory of breach of warranty. At the close of the plaintiffs' case, the defendants moved for dismissal; in denying this motion, the trial court expressed the view that the plaintiffs had presented questions of fact requiring resolution by the jury.

After more than thirteen hours of deliberation, the jury was discharged because they could not reach a verdict. Thereafter, the defendant Simplot moved for judgment on its counterclaim, and both defendants moved for judgment in their favor on the plaintiffs' breach of warranty claim, all pursuant to Rule 50(b), I.R.C.P. The court granted Simplot's motion for judgment notwithstanding the disagreement of the jury, on its counterclaim, on the ground that there was no dispute in the evidence concerning the counterclaim. The court also granted both of the defendants' motions for judgment notwithstanding the disagreement of the jury, dismissing the plaintiffs' complaint, upon the following grounds: .

"a. The evidence is insufficient to support a verdict against the defendants upon the grounds of breach of warranty;

b. The evidence is insufficient to support a verdict against the defendants in that the evidence is insufficient to permit a jury to fix or allocate the amount of any damage or loss resulting from any breach of warranty by either of the defendants without resort to guess, speculation and conjecture;

c. The evidence is insufficient to support a verdict against the defendants in that the evidence is insufficient to permit a jury to fix the plaintiffs' damages with any reasonable degree of certainty and without resort to guess, speculation and conjecture."

The appellants appeal from the court's order granting these three motions for judgment notwithstanding the disagreement of the jury. The respondents argue that the trial court's determination was correct because the evidence was insufficient to show that (1) any warranty was made; (2) any warranty was broken; and (3) that a breach of warranty was the proximate cause of the loss sustained.

■ A motion for a judgment notwithstanding the disagreement of the jury is authorized by I.R.C.P. 50(b) and is governed by the same standards which govern a motion for a judgment notwithstanding the verdict of the jury.[1] One of the functions of such a motion is to afford the trial court an opportunity to correct its erroneous refusal to grant a motion for a directed verdict.[2] The moving party admits the truth of the adversary's evidence and every inference that may be legitimately drawn therefrom; the motion should only be granted in the absence of evidence to support a verdict.[3] The question presented on appeal, therefore, is whether as a matter of law the record contains sufficient evidence to support a jury verdict in favor of the plaintiffs on their complaint and against the defendants on their counterclaim. .

■ In support of their contention that no warranty was ever made, the respondents place great reliance on the following disclaimer contained on the bag of weed killer:

"NOTICE TO BUYER: Seller makes no warranty of any kind, express or implied, concerning the use of this product, BUYER assumes all risk of use or handling whether in accordance with directions or not."

1. Pigg v. Brockman, 85 Idaho 492, 381 P. 2d 286 (1963).

2. Taylor v. Herbold, 94 Idaho 133, 483 P.2d 664 (1971).

3. Swa v. Farmers Ins. Exch., 93 Idaho 275, 460 P.2d 410 (1969); Bratton v. Slin-inger, 93 Idaho 248, 460 P.2d 383 (1969); Loosli v. Bollinger, 90 Idaho 464, 413 P.2d 684 (1966); Mabe v. State ex rel. Rich, 86 Idaho 254, 385 P.2d 401 (1963); Foster v. Thomas, 85 Idaho 565, 382 P. 2d 792 (1963). . .

It is unnecessary, however, to consider the efficacy of this disclaimer[4]; for even assuming *arguendo* the existence of a warranty, we find the evidence insufficient to establish breach of warranty and proximate cause.

With regard to whether a breach of warranty took place, the determinative question is whether the Lorox failed to control weeds which it was supposed to control. Even if such a failure occurred, the plaintiffs still had to establish that the resulting weeds proximately caused the loss of their potato crop. If in using a product, the buyer fails to follow the directions provided by the seller, the buyer may not recover for resulting damages because such misuse is beyond the scope of the seller's warranty.[5] In the case at bar, both of the appellants admitted that they were told that Lorox must be activated by an application of water within two weeks after the fields had been sprayed with the weed killer. Despite these instructions, the appellants own testimony shows that water was not applied to about 75 per cent of the easterly portion of their land within the two-week period set by the manufacturer. Further-

more, the record indicates that the weed problem was much greater on the east side, most of which had not been watered within the required time, than on the west side, most of which had been watered according to directions. Therefore, the failure of Lorox to control weeds should not be attributed to a breach of warranty but rather to the appellants' failure to follow directions in using the product. A breach of warranty may not be found where the buyer's misuse of the product causes it to malfunction.[6]

Even if it is assumed, however, that a breach of warranty did take place, thereby resulting in the presence of weeds, recovery is decisively precluded by the appellants' failure to prove that the breach was the proximate cause of their loss; in other words, the evidence is insufficient to show that the resulting weeds caused the loss of the appellants' potato crop. The appellants claim that because Lorox failed to perform as warranted, weeds used up moisture, nutrients, and sunlight, thereby destroying the vitality of the potato plants and culminating in the total destruction of the potato crop. The respondents contend that the

---

4. Since the transaction in the case at bar took place prior to the enactment of the Uniform Commercial Code in Idaho, the current law governing disclaimers of warranty is not applicable here. We note, however, that I.C. § 28-2-316(1) provides that where a disclaimer is inconsistent with an express warranty, the disclaimer fails. I.C. § 28-2-316, comment 1; Note, Disclaimers of Warranty in Consumer Sales, 77 Harv.L.Rev. 318, 324 (1963). Under this provision, it is doubtful that a disclaimer such as that quoted in the text would be effective to modify an express warranty on the package in the form of "this product kills weeds." Cf. Valmont-Pacific, Inc. v. Kelley, 94 Idaho 373, 487 P.2d 1127, 1129 (1971). *See also* I.C. § 28-2-302; West, Disclaimer of Warranties—Its Curse and (Possible) Cure, 76 Com.L.J. 253 (1971).

5. Iverson Paints, Inc. v. Wirth Corp., 94 Idaho 43, 480 P.2d 889 (1971); Brown v. General Motors Corp., 355 F.2d 814 (4th Cir. 1966), cert. denied, 386 U.S. 1036, 87 S.Ct. 1474, 18 L.Ed.2d 600

(1967); Reddick v. White Consol. Indus., Inc., 295 F.Supp. 243 (S.D.Ga.1969); Power Ski of Florida, Inc. v. Allied Chemical Corp., 188 So.2d 13 (Fla.App.1966) (per curiam); Taylor v. Jacobson, 336 Mass. 709, 147 N.E.2d 770 (1958); Walk v. J. I. Case Co., 36 A.D.2d 60, 318 N.Y.S. 2d 598 (1971); Anderson v. Klix Chemical Co., 256 Or. 199, 472 P.2d 806 (1970); Landers v. Safeway Stores, Inc., 172 Or. 116, 139 P.2d 788 (1943); Proctor & Gamble Mfg. Co. v. Langley, 422 S.W.2d 773 (Tex.Civ.App.1967); 1 R. Hursh, American Law of Products Liability § 3:10 (1961); *see* Southern Pine Extracts Co. v. Bailey, 75 So.2d 774 (Fla.1954); Anderson v. J. C. Penney Co., 272 N.E.2d 621 (Ind.App.1971); Venie v. South Central Enterprises, Inc., 401 S.W.2d 495 (Mo.App.1966); Matthias v. Lehn & Fink Products Corp., 70 Wash.2d 541, 424 P.2d 284 (1967); *cf.* Posey v. Pensacola Tractor & Equipment Co., 138 So.2d 777, 780 (Fla.App. 1962).

6. See authorities cited in note 5, *supra*.

evidence presented by the appellants at trial failed to show that their damages were proximately caused by weeds which Lorox was supposed to control. The record indicates that there was a plethora of possible causes of the appellants' crop loss, for all but one of which the respondents were clearly not responsible. Without going into extensive detail, we shall review the evidence indicating the existence of possible causes for which the respondents were not responsible. First, "perennial" weeds were present in the field, and Lorox purported to control only "annual" weeds and not "perennials." Second, one of the appellants reported the crop loss to the Federal Crop Insurance Corporation, and at that time he stated that the loss was due to frost; the Federal Crop Insurance Corporation determined that the loss was caused 75 per cent by frost and 25 per cent by rhizoctonia disease; the claimant certified that this information was true to the best of his knowledge and belief; and on this basis, the Federal Crop Insurance Corporation paid $29,614 in benefits to the claimant. Third, the appellants "followed potatoes with potatoes"—i. e., they planted potatoes in 1966 on land which had been planted with potatoes in 1965 (which could be expected to reduce yield by about a hundred sacks per acre). Fourth, salt spots were present (which could be expected to reduce yield by fifty sacks per acre).

Fifth, the potatoes were not given sufficient water (which could be expected to reduce yield by fifty sacks per acre). Sixth, ten per cent of the stand of potatoes were weak plants (which could be expected to reduce yield by twenty-five sacks per acre). The last four problems, and the consequences to be expected from them, were testified to by the appellants' own witness, a potato specialist employed by the University of Idaho and the United States Department of Agriculture.

In an action based on breach of warranty, it is necessary to show that the breach of the warranty was the proximate cause of the loss sustained.[7] Where the record shows that there are several possible causes of an injury, for one or more of which the defendant was not responsible, and it is just as reasonable and probable that the injury was the result of the latter, the plaintiff may not recover, since he has failed to prove that the defendant's breach caused the injury.[8] The rule is stated as follows in 65A C.J.S.:

"where the evidence is such that a jury can do no more than guess or conjecture as to which of several acts, conditions, or agencies, not all of which can be charged to defendant, was in fact the efficient cause, it is for the court to decide as matter of law that plaintiff's case has not been established."[9]

---

7. Antilles Shipping Co. v. Texaco, Inc., 321 F.Supp. 166 (S.D.N.Y.1970); Proctor & Gamble Mfg. Co. v. Langley, 422 S.W.2d 773 (Tex.Civ.App.1967); Levine, Buyer's Conduct as Affecting the Extent of Manufacturer's Liability in Warranty, 52 Minn.L.Rev. 627, 628 (1968); see Bean v. Diamond Alkali Co., 93 Idaho 32, 454 P.2d 69 (1969); Vanderford v. Hylton, 90 Idaho 462, 413 P.2d 183 (1966).

8. Antilles Shipping Co. v. Texaco, Inc., 321 F.Supp. 166 (S.D.N.Y.1970); Harrod v. Edward E. Tower Co., 346 Mass. 532, 194 N.E.2d 392 (1963); Schwartz v. Macrose Lumber & Trim Co., 29 A.D. 2d 781, 287 N.Y.S.2d 706 (1968) (mem.), aff'd mem., 24 N.Y.2d 856, 301 N.Y.S.2d 91, 248 N.E.2d 920 (1969); Landers

v. Safeway Stores, Inc., 172 Or. 116, 139 P.2d 788 (1943); see Dent v. Hardware Mut. Cas. Co., 86 Idaho 427, 388 P.2d 89 (1963); Antler v. Cox, 27 Idaho 517, 149 P. 731 (1915); Mosko v. Walton, 144 Colo. 602, 358 P.2d 49 (1960); Kenney v. Sears, Roebuck & Co., 355 Mass. 604, 246 N.E.2d 649 (1969); Sanders v. Atchison, T. & S. F. Ry., 65 N.M. 286, 336 P.2d 324 (1959); Ingersoll v. Liberty Bank of Buffalo, 278 N.Y. 1, 14 N.E.2d 828 (1938); J.J. Newberry Co. v. Lancaster, 391 P.2d 224 (Okl.1964); Horn v. Nat'l Hosp. Ass'n, 169 Or. 654, 131 P. 2d 455 (1942); 65A C.J.S. Negligence § 264, at 928 (1966).

9. 65A C.J.S. Negligence § 264, at 928 (1966).

In our opinion, this is just such a case. Hence, the trial court properly dismissed the appellants' complaint on the respondents' motions for judgment notwithstanding the disagreement of the jury.

In regard to the respondent Simplot's counterclaim, it appears that the appellants' only defense thereto is grounded upon the alleged breach of warranty in connection with the sale of Lorox. It therefore follows that the respondent Simplot's motion for judgment on its counterclaim was also properly granted.

Judgment affirmed. Costs to respondents.

McQUADE, C. J., McFADDEN and SHEPARD, JJ., and MAYNARD, D. J., concur.