■ DIANE IADICICCO, as Administratrix of the Estate of DOMINICK J. IADICICCO, Deceased, Appellant-Respondent, v JOHN L. DUFFY, Respondent-Appellant, and GENERAL MOTORS CORPORATION, Respondent. DAVID McNAMARA et al., Appellants-Respondents, v JOHN L. DUFFY, Respondent-Appellant, and GENERAL MOTORS CORP. et al., Respondents. (And Third-Party Actions.)—In consolidated actions to recover damages for personal injuries and wrongful death, grounded in allegations of negligence and breach of warranty, in which, at a jury trial, the court, at the close of plaintiffs' cases, dismissed all claims, cross claims and third-party actions against defendants General Motors Corporation (G. M.) and Korey Motors, Inc. (Korey), the appeals are from a judgment of the Supreme Court, Nassau County, entered April 19, 1976, which is in favor of (1) plaintiff Iadicicco and against defendant Duffy in the principal amounts of $10,000 on the cause of action for conscious pain and suffering and $230,000 on the cause of action for wrongful death, (2) plaintiffs McNamara and Malone and against defendant Duffy in the total principal amount of $26,000 and (3) defendants G. M. and Korey. Judgment reversed insofar as it is in favor of plaintiff Iadicicco as against defendant Duffy (first and second decretal paragraphs) and in favor of defendants G. M. and Korey (seventh through thirteenth decretal paragraphs), on the law, and new trial granted as between those parties with respect to all causes of action, cross claims and third-party actions, except that the cause of action for conscious pain and suffering is dismissed, with costs to abide the event. Judgment affirmed insofar as it is in favor of plaintiffs McNamara and Malone and against defendant Duffy (third through sixth decretal paragraphs), without costs or disbursements. We note that by agreement between counsel for defendants G. M. and Korey and plaintiffs McNamara and Malone, as reflected in letters to this court by such counsel, plaintiffs McNamara and Malone will not participate in the new trial, but will make available the witnesses and evidence under their control, and that in the resulting judgment after the new trial any apportionment of damages which may be made as against defendants G. M. and Korey will also be made as against such defendants and in favor of plaintiffs McNamara and Malone, with the total amount of their damages to stand as affirmed herein. Dominick Iadicicco, David McNamara and Daniel Malone were together on September 29, 1972, traveling as passengers in an automobile owned and operated by John Duffy. The four men were coworkers and had been celebrating Iadicicco's promotion. They had been imbibing heavily and were heading home when, according to plaintiffs' proof, the steering mechanism in the car jammed, causing the car to swerve to the side, cut through a guard rail and tumble into a ravine on the side of the road. As a result, Iadicicco was immediately killed and the remaining passengers were injured. The vehicle was manufactured by defendant G. M. and was sold as

a used vehicle to Duffy by defendant Korey. Korey was the first owner of record; the automobile was apparently a demonstrator. It appears that Korey remained the record owner after the sale to Duffy. Expert testimony, as well as certain evidence from examinations before trial, erroneously excluded from the record by the trial court, established that the vehicle in question, a 1971 Pontiac Catalina, was defectively designed in such a way as to permit a stone or pebble to enter its steering mechanism without warning at any time and cause the steering mechanism to seize, rendering the vehicle unsteerable. Upon motions by counsel for G. M. and Korey, the trial court dismissed all claims against those defendants at the close of plaintiffs' cases by reason of the plaintiffs' failure to establish prima facie and by direct evidence that such a defect existed in Duffy's vehicle and was the cause of the accident here involved. However, the testimony of the owner-driver of the accident vehicle, Duffy, to the effect that, as he drove, his steering wheel seized in such a manner as to prevent him from turning, was sufficient to establish prima facie that a defect in the design or construction of his automobile existed at the time of the accident (see *Halloran v Virginia Chems.,* 41 NY2d 386; *Codling v Paglia,* 32 NY2d 330; *Jackson v Melvey,* 56 AD2d 836). Accordingly, it was error for the trial court to dismiss the claims against G. M. The claims against Korey were also improperly dismissed. Korey contends that there was no proof that it had knowledge of any defect prior to the time of the accident. That claim is belied by the testimony of Messrs. Fulmino and Confer at their examinations before trial. It was therefore error for the trial court to preclude plaintiffs from reading the testimony of those men into evidence. In order to prevail against G. M. plaintiffs were required to prove that the claimed defect existed at the time that the vehicle was manufactured and left G. M.'s hands. Probative of that fact were the examinations before trial of Mr. Confer and the several exhibits annexed thereto which were excluded from evidence by the trial court. In addition, the court excluded evidence of a recall notice with regard to the series of the car here involved. The exclusion of such evidence was improper (see *Barry v Manglass,* 55 AD2d 1). There was no proof adduced at trial to support an award of damages for conscious pain and suffering of decedent Iadicicco, as is conceded by counsel for his representative. Accordingly, that cause of action should have been dismissed. Suozzi, J. P., Rabin, Shaprio and O'Connor, JJ., concur.