**Hermana MONDIDO, Plaintiff,**

v.

**CORY CORPORATION, Defendant and Third-Party Plaintiff,**

v.

**CORNING GLASS WORKS, INC., Third-Party Defendant.**

No. 75 C 887.

United States District Court, E. D. New York.

June 19, 1979.

Marshall G. Kaplan, Brooklyn, N.Y., for plaintiff.

Lester, Schwab, Katz & Dwyer by Barry W. Horowitz, New York City, for defendant and third-party plaintiff Cory Corp.

Alexander, Ash, Schwartz & Cohen by Joseph Arthur Cohen, Henry F. Sawitz, New York City, for third-party defendant Corning Glass Works, Inc.

**MEMORANDUM DECISION AND ORDER**

SIFTON, District Judge.

Defendant and Third-Party Plaintiff, Cory Corporation, ("Cory"), and Third-Par-

---

ty Defendant, Corning Glass Works, Inc. ("Corning"), move pursuant to Rules 50 and 59 of the Federal Rules of Civil Procedure for judgment notwithstanding the verdict or, alternatively for a new trial. On March 20, 1979, judgment was entered herein in plaintiff's favor against Cory in the amount of $16,000. Cory, in turn, was given judgment against Corning on its third-party complaint for $6,000 of that amount. The $16,000 damages award was returned by the jury to compensate plaintiff for burns sustained by her when a glass decanter manufactured by the combined efforts of Cory and Corning broke, spilling boiling water over her legs resulting in burns and scar tissue.

Each defendant's application is on two grounds: first, that plaintiff failed to prove that the glass decanter was defective; and, secondly, that there was no proof on the basis of which the jury could find that it was defective when it left the control of each defendant. The defective condition of the decanter was, however, properly to be inferred from the plaintiff's testimony that upon lifting the decanter from the burner she heard it crack and then watched it disintegrate. *Iadicicco v. Duffy*, 60 A.D.2d 905, 401 N.Y.S.2d 557 (2d Dep't 1978). *See Halloran v. Virginia Chemicals*, 41 N.Y.2d 386, 393 N.Y.S.2d 341, 361 N.E.2d 991 (1977); *Codling v. Paglia*, 32 N.Y.2d 330, 345 N.Y.S.2d 461, 298 N.E.2d 622 (1973). The more substantial question is whether that defect in the product was there when it left the control of Corning. In this connection, defendant and the third-party defendant each suggest that plaintiff and third-party plaintiff, respectively, failed to sustain their burden since they presented no evidence that the decanter was properly handled from the

day it left each defendant's plant until the time the injury occurred. What the arguments overlook however is, first, the testimony as to the regular and orderly process by which the Corning pot is converted into the Cory coffee decanter, secondly, the evidence that the Cory decanter remained packed in the Cory packaging, presumably designed to prevent damage to the decanter, until shortly before the accident occurred, and, finally, the evidence that anyone using the decanter was instructed by warnings prepared by Cory and physically printed on the glass to avoid using the decanter in a fashion which could lead to injury of the type that occurred here. Taking these circumstances together, there was clearly enough for the jury to infer, in the absence of evidence as to mishandling by Cory, by the shippers or by the immediately prior users of the decanter, that the only explanation of the injury was an undetectable defect in the glass.[1] For such defects manufacturers such as Corning and assemblers such as Cory are strictly liable given the foreseeable dangers which such defects pose. *Velez v. Craine & Clark Lumber Corp.*, 33 N.Y.2d 117, 125, 350 N.Y.S.2d 617, 623, 305 N.E.2d 750, 754; *Codling v. Paglia, supra; Mead v. Warner Pruyn Division*, 57 A.D.2d 340, 394 N.Y.S.2d 483 (3d Dep't 1977).

Accordingly, for the reasons set forth herein, the motions of Cory and Corning to set aside the verdict and for a new trial are denied. Defendant's motion to reduce the amount of verdict as excessive is also denied, since there is no basis for finding the jury's evaluation of plaintiff's pain, suffering and disfigurement was wrong or influenced by improper considerations. *Dagnello v. Long Island Railroad*, 193

1. In this regard, the present case is fundamentally different from *Schwartz v. Macrose Lumber & Trim Co.*, 29 A.D.2d 781, 287 N.Y.S.2d 706 (2d Dep't 1968), a case relied upon by defendant in support of their motion. In *Schwartz*, the plaintiff suffered injury when struck in the eye while hammering a nail through a stud into a concrete basement wall. Plaintiff sued the retailer and supplier of the nails. The Appellate Division reversed a verdict for plaintiff because the "proof was not sufficient to establish that his injury was caused by the shattering of the nail and the effect of the head of the nail striking his eye." The court found it was just as reasonable or probable that he was struck by a wood splinter from the stud or a piece of concrete from the wall. There was no suggestion in the *Schwartz* opinion that plaintiff was obliged to prove how or why the nail broke. In the present case there can be no doubt but that plaintiff's injury was caused by the shattering of the decanter.

F.Supp. 552, 554 (S.D.N.Y.1960), *aff'd*, 289 F.2d 797 (2d Cir. 1961).

SO ORDERED.