PER CURIAM.
This is an appeal by the defendants J.D. Corp. d/b/a Kwik Kopy #268, Jack Ap-plebaum, and Dottie Applebaum from an adverse final summary judgment in an action for breach of a lease agreement involving a copy machine which the plaintiff Norman Wartman d/b/a N.R.W. Leasing had leased to the defendants. We affirm.
First, the plaintiff’s affidavit and defendants’ admissions establish, without material dispute, that (a) the defendants, by written agreement, leased the subject copy machine from the plaintiff, (b) the defendants made payments on the lease from October 1984 to August 1985 and thereafter stopped making any further payments, and (c) the amount due and owing on the lease, including interest, was $7,135.36.
Second, the defendants’ affirmative defenses were, in our view, conclusively negated by the defendant Jack Applebaum’s deposition testimony. According to this testimony, Jack Applebaum was well aware that the copy machine was a demonstrator, that a third party would be servicing the machine under the lease agreement, and that a service operator of the aforesaid third party scratched the drum of the copy machine causing the complained-of defects in the copies produced. There was no fraud in the inducement or breach of warranty and no genuine issue of material fact as to either defense. See Atlantic Nat’l Bank of Fla. v. Vest, 480 So.2d 1328, 1332 (Fla. 2d DCA 1985), rev. denied, 491 So.2d 281 (Fla.1986), rev. denied, 508 So.2d 16 (Fla.1987); Merrill, Lynch, Pierce, Fenner & Smith, Inc. v. Benton, 467 So.2d 311, 312-13 (Fla. 5th DCA 1985); Reflex, N.V. v. Umet Trust, 336 So.2d 473 (Fla. 3d DCA 1976); see also Thursby v. Reynolds Metals Co., 466 So.2d 245 (Fla. 1st DCA 1984), rev. denied, 476 So.2d 676 (Fla.1985); Clark v. Boeing Co., 395 So.2d 1226, 1229 (Fla. 3d DCA 1981); Power Ski of Fla., Inc. v. Allred Chem. Corp., 188 So.2d 13, 14 (Fla. 3d DCA 1966).
Affirmed.