403 P.2d 699

**Elfie SANDOVAL, Plaintiff-Appellant,**

**v.**

**The BOARD OF REGENTS OF NEW MEXICO STATE UNIVERSITY,**
**Defendant-Appellee.**

**No. 7627.**

Supreme Court of New Mexico.

June 28, 1965.

---

W. . C. Whatley, R. E. Riordan, Las Cruces, for plaintiff-appellant.

La Fel E. Oman, Garnett R. Burks, Jr., Las Cruces, for defendant-appellee.

CARMODY, Chief Justice.

. The trial court having sustained a motion for summary judgment, the plaintiff appeals.

The plaintiff, in connection with her work as a case worker for the Department of Public Welfare, went to the campus of the defendant university to visit with a blind student concerning his welfare assistance. The walk leading to the dormitory in which the student lived was a ramp-type walk, in that it was, in part, sloping. The plaintiff entered the building by this walkway, visited the student, and upon leaving the residence hall, slipped and fell at a point on the walkway where it sloped into a downgrade.

The record is not clear as to the cause of the fall, but, actually, the case must turn upon whether or not there was a controverted question of fact as to the construction and maintenance of the walk; whether or not the walk was hazardous to pedestrian traffic; and the resolution of the question of notice and knowledge of the dangerous condition if it existed. However, the status of the plaintiff must first be determined, i. e., whether she was a business visitor (often termed invitee), or a licensee, because, depending upon the character of her relationship rests the degree of care and legal liability of the defendant university.

We believe that, under the facts now before us, there can be no question but that the plaintiff was a business visitor or an invitee. 2 Restatement of the Law, Torts, § 332, defines a business visitor as follows:

"A business visitor is a person who is invited or permitted to enter or remain on land in the possession of another for a purpose directly or indirectly connected with business dealings between them."

The student occupied the position of a lessee of the university, and certainly the plaintiff's business was in furtherance of a

benefit to the student, thereby coming within that class of persons discussed under Comment h of § 332. Compare City of Madisonville v. Poole, (Ky.Ct.App.1952), 249 S.W.2d 133. However, our determination that the plaintiff was a business visitor does not solve the problem—it merely determines, from a legal standpoint, the degree of care resting upon the defendant.

 In Crenshaw v. Firestone Tire & Rubber Co., 1963, 72 N.M. 84, 380 P.2d 828, we quoted with approval the duty of a possessor of land to business visitors as set out in 2 Restatement of the Law of Torts, § 343, and the same definition is applicable here. Nevertheless, each case must rest upon its own peculiar facts, and the facts here require a different result than that announced in Crenshaw.

The trial court had before it evidence, which was, in some respects, directly contradictory. There was the affidavit and deposition of the director of the university's physical plant, who testified that the ramp-type walk was not a smooth-troweled surface, but, contrariwise, was rough. This witness testified that the walk was in substantially the same condition on the day of the accident as it had been at the time it was built some eleven years earlier. He stated that it was not slippery and that his office had no record of anyone else having fallen upon the walk, even though, by his estimate, it had been utilized by perhaps a hundred thousand people. Contrary to this testimony was the affidavit of a civil engineer, with a degree in traffic engineering, to the effect that he had examined the walk and that, in his opinion, it was smoothly troweled, sloping, and extremely slippery and dangerous to pedestrian traffic. The plaintiff's deposition also discloses that, after the fall, it appeared to her that the walk had a smooth, slippery surface. Each of these witnesses testified as to other matters, which are not material to our decision; but, from what is stated above, it should be quite apparent that there was a substantial conflict as to the nature of the surface and the relative safety to pedestrian travel.

 The university, fully realizing that there is a conflict in the testimony, attempts to discount the affidavit of the engineer, because it was opinion evidence and that there are not set forth sufficient facts to show that the opinion would be admissible in evidence. Admittedly, portions of the affidavit cannot be considered upon a motion for summary judgment, and we would point out that, similarly, portions of the affidavit and deposition of the defendant's witness are subject to a like criticism. Nevertheless, eliminating opinion and hearsay statements, a substantial issue of material fact is raised. There is evidence in the plaintiff's deposition, taken together with the affidavit of the engineer, that the walkway was sloping and had a smoothly troweled finish which presented a danger-

ous hazard to pedestrian traffic. Our determination of the presence of an issue of material fact is strengthened when the deposition of the defendant's witness is considered, inasmuch as it contains the reluctant concession that if the sloping walkway had a smoothly troweled finish, it would present a dangerous hazard to pedestrian traffic. Thus, without regard to the testimony objected to by the defendant contained in the plaintiff's deposition and the engineer's affidavit, it appears that a doubt is raised with respect to the condition of the sidewalk, which the university knew, or in the exercise of reasonable care should have known, would involve an unreasonable risk to the plaintiff and possibly not apparent to her. Under the rules applicable to motions for summary judgment, entitling the party against whom the motion is directed to have all reasonable inferences construed in his favor, the motion should have been denied. Hewitt-Robins, Inc., etc. v. Lea County Sand & Gravel, Inc., 1962, 70 N.M. 144, 371 P.2d 795. See also Coca v. Arceo, 1962, 71 N.M. 186, 376 P.2d 790, and the cases therein cited. Compare Linton v. Mauer-Neuer Meat Packers, 1963, 71 N.M. 305, 378 P.2d 126.

As we said in Coca, we mean no implication that a case of negligence has been made out by the plaintiff, only that she is entitled to present the merits of her case to the fact finder. Also, without repeating in its entirety the quotation appearing in Coca from Pierce v. Ford Motor Co. (4th Cir. 1951), 190 F.2d 910, we would again say:

"* * * Even in cases where the judge is of opinion that he will have to direct a verdict for one party or the other on the issues that have been raised, he should ordinarily hear the evidence and direct the verdict rather than attempt to try the case in advance on a motion for summary judgment, * * *."

The judgment will be reversed and the case remanded to the trial court with direction to set aside its summary judgment and proceed in a manner not inconsistent herewith. It is so ordered.

CHAVEZ and MOISE, JJ., concur.