421 P.2d 436

Laurie L. JONES, Plaintiff-Appellant,

v.

Eric W. GIBBERD and Young Women's Christian Association, Albuquerque, New Mexico, a corporation, Defendants-Appellees.

No. 8044.

Supreme Court of New Mexico.

Dec. 5, 1966.

Rehearing Denied Jan. 3, 1967.

 

McRae, Ussery, Mims, Ortega & Kitts, William E. Snead, Albuquerque, for appellant.

Keleher & McLeod, Michael L. Keleher, Albuquerque, for appellee, Gibberd.

Richard C. Civerolo, H. L. Cushing, C. LeRoy Hansen, Albuquerque, for appellee, Young Women's Christian Assn.

## OPINION

COMPTON, Justice.

This is an action by an invitee for personal injuries sustained in a fall into a step-down fireplace, and, from an order granting summary judgment, the plaintiff appeals.

We are committed to the rule that in considering a motion for summary judgment for the defendant the evidence must be considered in its most favorable aspect in favor of the plaintiff, and if there is any doubt as to the facts, summary judgment should be resolved against the moving party. Coca v. Arceo, 71 N.M. 186, 376 P.2d 970; Hewitt-Robins, Inc. v. Lea County Sand & Gravel, Inc., 70 N.M. 144, 371 P.2d 795; Sooner Pipe & Supply Corp. v. Doerrie, 69 N.M. 78, 364 P.2d 138; Michelson v. House, 54 N.M. 197, 218 P.2d 861; Agnew v. Libby, 53 N.M. 56, 201 P.2d 775. Also see our recent case, Mozert v. Noeding, 76 N.M. 396, 415 P. 2d 364.

The following appears from the depositions and pleadings. On February 13, 1962, the defendant, Young Women's Christian Association, Albuquerque, New Mexico, sponsored a tour of various artists' homes in Taos, New Mexico. The plaintiff had purchased her ticket from defendant Y.W. C.A. and in a group of some seventy persons toured the Gibberd home in Taos by appointment about 4:00 p. m. As the group entered the front door of the Gibberd home, someone warned the group to look out for steps. Upon entering, the group separated, the plaintiff remaining with that part of the group touring the main room. They all had entered the main room from the south. On the north side of the room there was a sunken fireplace 4½ inches below the floor level. The area in front of and level with the fireplace was some 10 feet by 6 feet. The floors of the main room and fireplace area were of brick of the same color. The plaintiff was about the middle of the group as they entered the building and as they moved along the east side of the main room. She was unable to see in front or to either side because the group was so crowded together and they were taller than she. They continued to move forward and as plaintiff neared the fireplace area her attention was attracted to a statue of some kind on a table to her left. She continued to look at the statue and as she stepped forward she fell into the step-down area of the fireplace and sustained a serious injury to her knee and right leg. No specific warning was given by the defendants as to the sunken fireplace after the group had entered the building. While plaintiff had seen buildings with different levels, she had never seen a fireplace of this type. Admittedly, there was nothing in front of the fireplace area such as a rope or bannister.

■ We conclude that the court erred in granting summary judgment. With reference to the Gibberds, it is a question of fact whether plaintiff was a licensee, Restatement (Second), Torts § 343; Crenshaw v. Firestone Tire & Rubber Co., 72 N.M. 84, 380 P.2d 828; Mozert v. Noeding, supra, or invitee, Sandoval v. Board of Regents of N. M. State Univ., 75 N.M. 261, 403 P.2d 699; Mozert v. Noeding, supra. The degree of duty owed the plaintiff depends upon the determination of her status. There is a question of fact as to the duty the Gibberds owed to plaintiff, and a question of fact as to whether this duty has been violated.

■■ With reference to defendant Y. W.C.A., the plaintiff is a business invitee, Mozert v. Noeding, supra. There is a question of fact as to whether the Y.W.C.A. has violated its duty as invitor, Frear v. Manchester Traction, Light & Power Co., 83 N.H. 64, 139 A. 86, 61 A.L.R. 1280 (1927); Lawson v. Clawson, 177 Md. 333, 9 A.2d 755 (1939).

However, defendants contend that plaintiff's contributory negligence bars her recovery. We cannot say as a matter of law that she was contributorily negligent. Ordinarily, contributory negligence is a question of fact to be determined by the jury. Reasonable minds might fairly differ as to the facts and inferences to be drawn from the evidence. Mozert v. Noeding, supra; Mahoney v. J. C. Penney Company, 71 N.M. 244, 377 P.2d 663; Canter v. Lowrey, 69 N.M. 81, 364 P.2d 140; Williams v. City of Hobbs, 56 N.M. 733, 249 P.2d 765. Whether the plaintiff exercised that degree of care required of a reasonably prudent person under like or similar circumstances for her own safety is a question of facts to be determined by the jury. Dominguez v. Southwestern Greyhound Lines, 49 N.M. 13, 155 P.2d 138; Seal v. Safeway Stores, Inc., 48 N.M. 200, 147 P.2d 359; Caldwell v. Johnsen, 63 N.M. 179, 315 P.2d 524, and Giese v. Mountain States Telephone & Telegraph Co., 71 N.M. 70, 376 P.2d 24, all of which are relied on heavily by defendants, are in our view of the case, distinguishable, and in no way conflict with our conclusions herein.

The order granting summary judgment should be set aside with directions to proceed in a manner not inconsistent herewith.

It is so ordered.

MOISE, J., and JOE W. WOOD, J., Court of Appeals, concur.