Floyd E. MOOMEY and Hardware Mutual Casualty Company, a/k/a Sentry Insurance Company, Plaintiffs-Appellees,

v.

MASSEY FERGUSON, INCORPORATED, Defendant-Appellant.

No. 550-69.

United States Court of Appeals, Tenth Circuit.

Aug. 11, 1970.

C. LeRoy Hansen, of Civerolo, Hansen & Wolf, Albuquerque, N. M., for appellant.

James T. Roach, Albuquerque, N. M. (Eugene E. Klecan, Albuquerque, N. M., with him on the brief), for appellees.

Before MURRAH, SETH and HOLLOWAY, Circuit Judges.

MURRAH, Circuit Judge.

The appeal in this diversity suit presents issues of New Mexico law involving strict liability, sufficiency of

proof, assumption of the risk, misuse of an allegedly defective product and contributory negligence. Moomey recovered a judgment of $48,155.94 against Massey Ferguson as compensation for injuries received when a tooth which he was installing on a dirt scoop shattered and struck him in the eye.[1] The tooth had been purchased by Moomey's employer, Mesa Tractor Company, from Massey Ferguson.

Moomey's complaint sounds in negligence, breach of warranty and strict liability. The District Court submitted the case to the jury on the theory of strict liability as stated in Section 402A of the Restatement Second, Torts.[2] The issues of assumption of the risk and misuse of the tooth were also submitted to the jury. But the trial court refused to give Massey Ferguson's requested instructions on contributory negligence.

Massey Ferguson urges that Judge Bratton erroneously assumed the New Mexico courts would adopt and apply the rule of strict liability under Section 402A to the sufficiency of the evidence, assumption of the risk, misuse and contributory negligence. Massey Ferguson's allegations of error are not well taken and the judgment of the trial court is affirmed.

## I. New Mexico and Strict Liability

■ New Mexico has not explicitly adopted Section 402A strict liability as the law of New Mexico. But in Schrib v. Seidenberg, 80 N.M. 573, 458 P.2d 825 (1969), the New Mexico Court of Appeals did apply Section 402A strict liability as the law of that case even though it specifically declined to generally embrace the section as the law of New Mexico. We have recently deferred to Judge Bratton's judgment of the law of New Mexico in a case involving the application of other sections of the American Law Institute restatement on tort law, i.e. see Parsons v. Amerada Hess Corporation, 422 F.2d 610 (10th Cir. 1970). And see also Manville v. Borg-Warner Corporation, 418 F.2d 434 (10th Cir. 1969); Teague v. Grand River Dam Authority, 425 F.2d 130 (10th Cir. 1970). We see no reason for not doing so in this case where the logic is equally persuasive.

## II. Sufficiency of Proof

■ The jury was instructed that in order for Moomey to recover he must prove that the tooth was in a defective condition which made it unreasonably dangerous to the user; that this meant the tooth must have a propensity for causing physical harm beyond the contemplation of the ordinary user possessing the ordinary knowledge common to users; and that a product is not defective simply because it is possible to be injured while using it. These instructions read upon the principles of strict

1. The total jury verdict was for $55,000.-00. Hardware Mutual Casualty Company, the workmen's compensation insurance carrier for Moomey's employer and a co-plaintiff, received $6,844.06 of the $55,000.00 as reimbursement for benefits paid Moomey.

2. § 402A. Special Liability of Seller of Product for Physical Harm to User or Consumer

(1) One who sells any product in a defective condition unreasonably dangerous to the user or consumer or to his property is subject to liability for physical harm thereby caused to the ultimate user or consumer, or to his property, if

(a) the seller is engaged in the business of selling such a product, and

(b) it is expected to and does reach the user or consumer without substantial change in the condition in which it is sold.

(2) The rule stated in Subsection (1) applies although

(a) the seller has exercised all possible care in the preparation and sale of his product, and

(b) the user or consumer has not bought the product from or entered into any contractual relation with the seller.

liability as set forth in Section 402A. And since no objections were made to them, they are the law of the case. Murphy v. Dyer, 409 F.2d 747 (10th Cir. 1969).

Moomey's evidence included both lay and expert testimony. He testified that the tooth splintered when he tapped it with a sixteen ounce ball peen hammer. He also introduced the specifications prepared by Massey Ferguson for the manufacture of dirt scoop teeth and the testimony of a metallurgist concerning tests made on the tooth which splintered and on certain other teeth on the dirt scoop.

The metallurgist testified in substance that the harder a tooth and the higher the carbon content the more susceptible it is to splintering; that the splintered tooth exceeded the other teeth in degree of hardness; that the splintered tooth exceeded Massey Ferguson's specifications for hardness and carbon content; that carbon content is a factor capable of control in the manufacturing process; and that the tooth which injured Moomey would splinter if hit with a metal hammer but that three of the other teeth which were tested would not.

Massey Ferguson suggests the insufficiency of the evidence for two reasons. First, relying heavily on its testimony that any hard steel will shatter if hit with a metal hammer Massey Ferguson insists that the splintering quality of this tooth did not make it defective. And secondly even though defective, there was no proof of dangerousness beyond the contemplation of an ordinary user possessing the ordinary knowledge common to users.

But the force of Moomey's evidence, together with the reasonable inferences to be drawn therefrom, is not dissipated by the testimonial premise that all steel will chip when struck. The critical inquiry under Section 402A is whether the jury could say that a tooth which was more susceptible to chipping than like teeth and which chipped under the facts of this case was in fact dangerously defective.

We think the evidence entirely sufficient to justify the inference that some of the teeth tested by the metallurgist would not splinter if struck with a metal hammer; that the tooth which injured Moomey had a greater propensity to chip than any of the other teeth tested; that the greater propensity for chipping resulted from the hardness of the tooth; that the hardness of the tooth was related to excessive carbon content; that the excessive carbon content resulted from a miscarriage of the manufacturing process; and that the tooth therefore was dangerously defective beyond the expectations of an ordinary user possessing the ordinary knowledge common to the community as to its characteristics. Sweeney v. Matthews, 94 Ill.App.2d 6, 236 N.E.2d 439 (1968). See also Dunham v. Vaughan & Bushnell Mfg. Co., 229 N.E.2d 684 (Ill. App.1967).

Heaton v. Ford Motor Co., 248 Or. 467, 435 P.2d 806 (1967), which is relied upon by Massey Ferguson does not dictate a different result. Heaton was a Section 402A strict liability case in which the Oregon Supreme Court held that the plaintiff had failed to introduce evidence of flawed manufacture or dangerous design in the product and that the failure in performance of the product had not occurred under conditions sufficiently within the experiential knowledge of the jury for it to decide if the product was unreasonably dangerous. Such is not the situation in this case for Moomey presented ample proof to establish the conditions of strict liability in contrast to the total absence of proof of product defectiveness in Heaton. In sum, we think that Moomey's proof sufficiently read on Section 402A.

### III. Assumption of the Risk

The jury was instructed that (1) if a dangerous situation existed, (2) if

Moomey knew of the dangerous situation and (3) if he voluntarily exposed himself to the danger, then he was barred from recovery. These instructions correctly state New Mexico law on assumption of the risk. Reed v. Styron, 69 N.M. 262, 365 P.2d 912 (1961); Dempsey v. Alamo Hotels, Inc., 76 N.M. 712, 418 P.2d 58 (1966); Demarest v. T. C. Bateson Construction, 370 F.2d 281 (10th Cir. 1966). And Massey Ferguson does not contend otherwise.

But it would have us hold that the trial judge should have found as a matter of law that Moomey assumed the risk of the tooth splintering when struck with a hammer. In support of this contention, reliance is placed on testimony that Moomey knew if a person pounded hard steel it was common for chips from the steel to strike the person. Moomey's failure to wear safety glasses is also pointed to as conclusive evidence of assumption of the risk.

■ The weakness of this argument is that it ignores the testimony of the metallurgist that some of the teeth on the dirt scoop would not chip if struck with a metal hammer and the testimony of Moomey that he could not tell any difference in the teeth by observation and that he had not been instructed to wear safety glasses. The jury could infer

that Moomey had no knowledge that the tooth would chip when struck and that he did not voluntarily expose himself to the danger of injury from a splintering tooth. In any event, the evidence was conflicting, and the trial judge correctly submitted the issue to the jury.

### IV. Misuse

The jury was told that if at the time of injury Moomey was using the tooth in a manner not reasonably foreseeable to Massey Ferguson, then Moomey could not recover. Massey Ferguson urges that the evidence establishes misuse as a matter of law.

■ The record reveals evidence from which the jury could find that Moomey was using the tooth in a manner reasonably foreseeable to Massey Ferguson. It was not error to refuse to declare misuse as a matter of law.

### V. Contributory Negligence

■ Massey Ferguson says that the trial judge erroneously refused to give three requested instructions on contributory negligence.[3] Requested instructions 12, 13 and the first paragraph of 21 were covered by the court's instructions on assumption of the risk and mis-

---

3. We had occasion in Demarest v. T. C. Bateson Construction Company, supra, to discuss the New Mexico cases on contributory negligence, assumption of the risk and volenti non fit injuria (which we characterized as a concept akin to and sometimes called an alias for assumption of the risk). Our examination of the general case law revealed some confusion concerning the concepts of contributory negligence and assumption of the risk and that many of the decisions were irreconcilable.

We found that some courts had suggested that affirmative defenses in negligence actions be limited to contributory negligence. See Meistrich v. Casino Area Attractions, 31 N.J. 44, 155 A.2d 90. Indeed, we thought that Padilla v. Winsor, 67 N.M. 267, 354 P.2d 740, afforded substantial support for the proposition that New Mexico had merged assumption

of the risk into contributory negligence, i. e. in Padilla the court could not find assumption of the risk as a matter of law because reasonable minds could differ " * * * as to whether plaintiff * * * acted as any ordinary prudent person [would under the circumstances]." But any merger of these two vintage common law concepts was dissolved by Reed v. Styron Const. Co., 69 N.M. 262, 365 P. 2d 912. And Dempsey v. Alamo Hotels, Inc., 76 N.M. 712, 418 P.2d 58 (1966), accentuated the dissolution by holding the plaintiff barred as a matter of law by both assumption of the risk and contributory negligence. Thus, we recognize as we must that contributory negligence and assumption of the risk are separate defenses in New Mexico although we must confess to some difficulty in the separate application of the two rules.

use. There was certainly no error in refusing to give cumulative instructions.[4]

■ But the second paragraph of requested instruction 21 raises the question whether in strict liability cases the failure of the plaintiff to exercise reasonable care to discover the defect is a defense. We conclude that it is not under New Mexico law.

Comment n to Section 402A specifically states that, "Contributory negligence of the plaintiff is not a defense when such negligence consists merely in a failure to discover the defect in the product, or to guard against the possibility of its existence." And having concluded that Judge Bratton was not clearly incorrect in predicting that New Mexico would adopt and apply Section 402A to a case like ours, it would be incongruous to hold that New Mexico would not follow the rule of that section as to contributory negligence.

The jury was correctly instructed on assumption of the risk and misuse—valid defenses in a strict liability case. O. S. Stapley Company v. Miller, 103 Ariz. 556, 447 P.2d 248 (1968). See also General Motors Corporation v. Walden, 406 F.2d 606 (10th Cir. 1969). Massey Ferguson was entitled to no more.

Judgment affirmed.

Where a plaintiff is thoroughly familiar with a possible hazard involved in the performance of his job and with the means to avoid such, the fact that at a particular time he may have been momentarily unmindful thereof, forgetful thereof, or have overlooked the same does not absolve him from the duty of observing due care for his own safety.

You have heard testimony from members of the same class of occupation as Plaintiff. This testimony has concerned the customary precautions taken by mechanics for their own safety. While this evidence does not conclusively establish the care which a reasonably prudent mechanic would exercise when installing a tooth in the same circumstance that Plaintiff struck the tooth, such testimony is evidence of the ordinary care required of Plaintiff at the time of the accident and should be given such weight as you think it deserves.

One who seeks recovery for a breach of warranty may not recover damages proximately caused by his use of a product which occurred after he obtained knowledge of the defect or condition which he claims constituted a breach of warranty, unless you find that under the particular circumstances, a person of ordinary prudence would have used the product despite knowledge of such defect or condition.

Nor may a party recover for damages proximately caused by his use of a product which occurred after such defect could have been discovered by him in the exercise of ordinary care, unless you find that under the circumstances a person of ordinary prudence would have used the product.