**Edward S. McGRATH, Plaintiff-Appellee,**

v.

**WALLACE MURRAY CORPORATION, a Delaware Corporation with its principal place of business in Pennsylvania, dba Simonds Abrasive Company, and Simonds Abrasive Company, a foreign corporation, Defendant-Appellant.**

**No. 72-1823.**

United States Court of Appeals, Tenth Circuit.

Argued May 21, 1973.

Decided April 22, 1974.

Rehearing Denied June 24, 1974

Harold G. Christensen, Salt Lake City,
Utah (Worsley, Snow & Christensen,

and Craig S. Cook, Salt Lake City, Utah, on the brief), for defendant-appellant.

Glen M. Richman, Salt Lake City, Utah (Sandack, Richman & Sessions, Salt Lake City, Utah, on the brief), for plaintiff-appellee.

Before LEWIS, Chief Judge, LARAMORE*, Senior Judge, and HOLLOWAY, Circuit Judge.

HOLLOWAY, Circuit Judge.

Defendant Wallace Murray Corporation (Murray) appeals from a judgment awarding damages against the company in a diversity personal injury suit. The judgment was entered on a jury verdict in favor of plaintiff Edward McGrath for $35,000 for injuries suffered in an accident involving an abrasive disc manufactured by Simonds Abrasive Company (Simonds) whose liabilities were assumed by Murray.[1] As grounds for reversal Simonds asserts numerous contentions to support its general propositions that the trial court erred in instructing the jury on product liability theories under Utah law and that the court erred in admitting and excluding evidence. No challenge is made to the sufficiency of the evidence.

Plaintiff McGrath's injuries occurred at the shop of Star Brass Foundry of Salt Lake City, Utah. Around 4:30 p. m. on June 18, 1968, McGrath picked up a pneumatic grinder at the foundry shop to stamp an identifying alloy number on a steel casting. According to McGrath's witnesses the disc had been taken from a previously unopened box that morning by a foundry foreman, Rolfe, who gave the disc to another employee, Parker. Parker attached the disc to the grinder and used it for about 3 to 4 hours of grinding that day. Approximately ⅛ to ¼ of an inch of the disc's outer surface was worn away.

After seeing Parker put down the grinder, McGrath picked it up and started to use it. He worked without the use of a guard which was furnished with the grinder when it was purchased. However at the time the accident occurred, guards were not used on that type of grinder by the employees of the foundry. As soon as McGrath touched the casting with the abrasive disc on the grinder, the disc disintegrated. Flying particles of the disc struck McGrath in the genital area and legs. No issue is raised in regard to damages awarded for his injuries.

### 1. *Instructions by the trial court*

For reasons that follow we must hold that refusal to submit a principal defense theory in the instructions was error. We have, of course, considered the instructions as a whole since complaint of an omission must be measured against the entire charge, see Marshall v. Ford Motor Company, 446 F.2d 712, 715 (10th Cir.), and since a party is not entitled to an instruction in any particular form where the substance of the instruction is fairly covered. See Marshall v. Ford Motor Co., supra at 714; Grain Dealers Mutual Insurance Co. v. Farmers Union Coop. Elevator and Shipping Ass'n, Kirwin, Kansas, 377 F.2d 672, 680 (10th Cir.).

Simond's main defenses at trial were that the injury would not have occurred if McGrath had been using the guard and that the disintegration of the disc resulted from damage to it caused by the foundry employees. Simonds sought to have the trial court submit its theories to the jury by instructions that Simonds would not be liable if McGrath was guilty of contributory negligence, if he had assumed the risk, or if there had been misuse of the disc.

---

* Of the United States Court of Claims, sitting by designation.

1. The disc was manufactured by Simonds Abrasive Company. In 1966 Murray assumed all liabilities and assets of Simonds. Therefore in this opinion we will refer merely to Simonds as manufacturer of the disc. The Simonds products were distributed in Utah by the Galigher Company. McGrath's injury occurred at Star Brass Company, partly owned by McGrath, which purchased discs from the Galigher Company in 1966, 1967 and 1968.

Under the instructions actually given, contributory negligence was available to Simonds only as a defense to the negligence theories of liability. Simonds raises no objection on appeal to this restriction. However there was no instruction given on assumption of the risk or misuse of the product as possible defenses to any theory of liability.[2] Thus, as the case went to the jury, McGrath's conduct in failing to use the guard was not presented as a possible defense to the claims of strict liability and warranty. Simonds does object vigorously to the trial court's refusal to instruct on such a defense to these claims.

■ The three concepts of misuse, assumption of the risk and contributory negligence are much discussed as products liability defenses and they overlap considerably. See generally, Williams v. Brown Manufacturing Co., 45 Ill.2d 418, 261 N.E.2d 305, 309; Noel, Defective Products: Abnormal Use, Contributory Negligence and Assumption of the Risk, 25 Vand.L.Rev. 93; Epstein, Products Liability: Defenses Based on Plaintiff's Conduct, 1968 Utah L.Rev. 267, 268–69; Annot., 46 A.L.R.3d 240. As stated, there is no objection before us to the refusal to submit contributory negligence as a defense to the strict liability and warranty claims.[3] And we think that

under Utah law the trial court properly refused to give the instruction on assumption of the risk, since there was no evidence that McGrath had knowledge of a specific defect in the disc, which seems to be required as a basis for the defense in Utah. See Johnson v. Maynard, 9 Utah 2d 268, 342 P.2d 884; Clay v. Dunford, 121 Utah 177, 239 P.2d 1075. We must agree, however that it was error for the court to refuse to submit any defense as a misuse or similar theory based on use of the disc without a guard in connection with the plaintiff's claims of strict liability and warranty.[4]

■ There was evidence tending to show that the Cleco grinder was intended to be used with a guard and that use of the guard could have prevented McGrath's injury.[5] There was also proof showing that the foundry employees had chosen to work without the guard because it made their use of the grinder more difficult. In view of such proof we feel that it is wrong to submit to the jury the plaintiff's strict liability and warranty theories, while denying a defense based on failure to use the guard since some such defense has been generally permitted where the plaintiff's theories of recovery are recognized.[6]

2. In the portion of the charge relating to strict liability the trial court did refer to liability for . . . "[i]njury or damage from normal use of said product." We do not, however, feel that this isolated and brief mention of "normal use," made without any elaboration or reference to contentions about the guard, sufficiently covered this defense theory.

3. No question is raised by appellant as to the trial court's determination that the strict liability theory applies in Utah, although Utah appears not to have recognized the principle yet. See Perkins v. Fit-Well Artificial Limb Co., 30 Utah 151, 514 P.2d 811. The court's determination on state law seems reasonable. See Moomey v. Massey-Ferguson, Inc., 429 F.2d 1184, 1186 (10th Cir.).

4. We do not assume to denominate such a defense as one of "misuse" of the product. The formulation of the theory under which the defense should be submitted is for the

trial court in light of Utah tort principles. It suffices, we feel, to hold as we do that the defense based on failure to use the guard should not be wholly denied in connection with the strict liability and warranty claims since such a defense under some formulation is generally permitted against such claims. See note 6, infra.

5. The defendant argues that McGrath should have known that the disc could have been damaged and likely to fracture, which made use of the guard advisable. The defendant offered proof by an expert that the disintegration resulted from damage in operation. There was contradictory expert testimony for the plaintiff, claiming that the disintegration was the result of a defect in the product due to lack of a reinforcing agent or other manufacturing errors.

6. See, e. g., Hardy v. Hull Corporation, 446 F.2d 34 (9th Cir.) (applying Arizona law where available safety gates were not used by purchasing company); General Motors

First, we thus hold that there must be a retrial with a charge submitting a misuse or similar defense theory against the strict liability and warranty claims in connection with the proof that the guard was not used, if the evidence again properly raises such a defense.

■ Secondly, the defendant also argues that the instructions should have covered a misuse defense in connection with its proof tending to show that the disintegration of the disc resulted from its being mishandled. However the strict liability instruction said one is subject to liability "who sells any product in a defective condition unreasonably dangerous to the user or consumer." And the charge made it a condition of liability that the product ". . . . is expected to and does reach the user or consumer without substantial change in the condition in which it is sold. . . ." While an explanatory reference to the facts and conflicting proof may be desirable for clarity, we feel the mishandling issue was sufficiently covered in the elements of the plaintiff's case. See White Motor Corp. v. Stewart, 465 F.2d 1085, 1088–1089 (10th Cir.); Daleiden v. Carborumdum Co., 438 F.2d 1017, 1022 (8th Cir.); § 402A, Restatement, Torts (2d), and comment h.

Third, defendant contends that the trial court erred in the instruction given on the plaintiff's failure to warn theory. He says the court failed to make it clear that there is no duty to warn of obvious dangers.

■ It is true that in one portion of the charge dealing with warning users and consumers of the inherent dangers in the discs that there was no limitation to dangers that are not obvious. However in an earlier part of the instructions the court stated:

A manufacturer who knows or in the exercise of reasonable testing or inspection should realize that its product is likely to be dangerous when used for the purpose for which it is made and has reason to believe that those who use it will not realize the extent or seriousness of the risk has a duty to exercise reasonable care to warn them of the danger involved. Failure to fulfill that duty is negligence. If such negligence in any one or more of the particulars I have been specifying proximately results in injury to the user of the product, the manufacturer is liable therefor.

■ We are satisfied that this portion of the charge properly defined the duty of the manufacturer to warn. See Schneider v. Suhrmann, 8 Utah 2d 35, 327 P.2d 822, 823. Thus, viewing the instructions as a whole we cannot agree that prejudicial error occurred in this respect, and clarification of the duty to warn may be attended to on retrial.

Defendant objects on several grounds to the trial court's instruction on res ipsa loquitur. In view of our disposition we feel it unnecessary to discuss these arguments. We believe the trial court was correct in submitting the

Corp. v. Walden, 406 F.2d 606, 608–609 (10th Cir.) (applying Arizona law) (recovery by plaintiff upheld); Grant v. National Acme Co., 351 F.Supp. 972 (W.D.Mich.) (dictum); Preston v. Up-Right, Inc., 243 Cal.App.2d 636, 52 Cal.Rptr. 679; Williams v. Brown Manufacturing Co., 45 Ill.2d 418, 261 N.E.2d 305, 309; Perfection Paint & Color Co. v. Konduris, 147 Ind.App. 106, 258 N.E.2d 681, 689 (upholding recovery by plaintiff); Hawkeye Security Insurance Co. v. Ford Motor Co., 199 N.W.2d 373, 381 (Iowa) (dictum); Walk v. J. I. Case Co., 36 A.D.2d 60, 318 N.Y.S.2d 598 (App.Div.); Speyer, Inc. v. Goodyear Tire & Rubber Co., 222 Pa.Super. 261, 295 A.2d 143, 145; see also Moomey v. Massey-Ferguson, Inc., 429 F.2d 1184, 1188–1189 (10th Cir.) (applying New Mexico law); Speed Fastners, Inc. v. Newsom, 382 F.2d 395, 399 (10th Cir.) (applying Oklahoma law).

Plaintiff rejects the theory that failure to use a guard shows any misuse and argues it goes only to contributory negligence. As stated earlier, note 4 supra, we should not attempt a definite labeling. However, whether termed possible misuse, e. g., Moomey v. Massey-Ferguson, Inc., supra; General Motors Corp. v. Walden, supra, or otherwise the theory should have been submitted as a possible defense to the strict liability and warranty claims.

theory in view of the proof made. And the instruction is not shown to have been improper under Utah law. Thus we conclude that the objections to the res ipsa loquitur instruction are not well taken.

### 2. Evidentiary rulings

■ Defendant contends that the trial court erred by admitting into evidence plaintiff's exhibit No. 5, which was a credit memo from the supplier, the Galigher Company, showing the return of "defective wheels." Defendant says there was no foundation laid for the exhibit, and we must agree.

Plaintiff's attorney had assured the court there would be evidence showing the return of the wheels in one or more groups, but it was not offered. Moreover no evidence was presented as to the identity of the wheels referred to by the invoices, or of any of the circumstances surrounding their return. On this state of the record we must agree that the exhibit was irrelevant and prejudicial to the defendant, and inadmissible. Commonwealth Edison Co. v. Allis-Chalmers Mfg. Co., 40 F.R.D. 96, 100 (N.D.Ill.).

■ Defendant also contends that it was error to admit into evidence a broken wheel report prepared by Mr. Price, a Simonds Abrasive Research Director who testified at trial. The report was dated October 12, 1967 (about eight months before plaintiff McGrath's injury) and dealt with a type 27 abrasive wheel, the same type as the one involved in McGrath's injury. The report stated that the disintegration of that disc was "almost certainly due to the lack of reinforcing glass in the center of the wheel."

Defendant argues that the report should not have been admitted because there was no proof of any error in the design of the wheel. It also says the report was not relevant to show that defendant was on notice of disintegration when fiberglass was omitted, since there was no intent not to include such fiberglass.

We feel the report was properly admitted. It was clearly relevant to show that Simonds was aware of the risk from failure to include a reinforcing agent. Also it was germane as to whether the product as sold was unreasonably dangerous to the user—a point properly covered in the trial court's instruction on strict liability. And for similar reasons the report would bear on the extent of the defendant's duty to warn. We are satisfied that the report was relevant and was properly admitted.

Lastly defendant argues that the trial court erred in refusing to admit a portion of the General Safety Orders of the Industrial Commission of Utah. Plaintiff stresses a provision in the Orders on the use of guards where workmen are exposed to moving parts of machinery.[7] Plaintiff objected to the admission of the code on the grounds that it was not a State statute or governmental regulation and that it was cumulative. The trial court sustained the objection on both grounds and gave no instruction on the provisions of the orders.

■ We must agree that a violation of the provisions would be at least some evidence of negligence, which apparently was the basis on which the evidence was offered.[8] However as further evidence

---

7. The portion of the code emphasized by Simonds on appeal provides:

All moving parts of machinery where the workman may be exposed shall be adequately guarded. Guards for stationary machines should as far as possible conform to the standards set forth in the American Standards Associations' Code. A subsequent portion of the Orders included in the exhibit dealt with abrasive wheels.

8. The orders apparently are promulgated pursuant to 4 Utah Code Ann. § 35–1–36 (1953), which could be construed as giving the orders the force of law. See Arnold v. Gardiner Hill Timber Co., 199 Or. 517, 263 P.2d 403. Simonds, however, did not argue that a violation of the orders would be negligence per se, even though similar regulations by state departments in Utah have been so treated. See Hamblin v. Mountain States

of contributory negligence by the plaintiff the orders were not significantly different with regard to the provisions for use of the guard from that which was the requirement of the American Standards Associations' Code, previously introduced into evidence by the plaintiff. We do not believe the ruling that the proof was cumulative was an abuse of discretion. See Kanatser v. Chrysler Corp., 199 F.2d 610, 619 (10th Cir.), cert. denied, 344 U.S. 921, 73 S.Ct. 388, 97 L.Ed. 710; Manbeck v. Ostrowski, 128 U.S.App.D.C. 1, 384 F.2d 970, 973 cert. denied, 390 U.S. 966, 88 S.Ct. 1077, 19 L.Ed.2d 1170.

We feel the remaining propositions raised are without merit or need not be discussed in view of our disposition. For the reasons stated we conclude the judgment must be reversed and the case remanded for a new trial.

Telephone & Telegraph Co., 271 F.2d 562 (10th Cir.). We therefore do not reach the question whether a violation of the orders submitted by the defendant here would have been negligence *per se* by reason of having the force of law.