George SHUPUT, Plaintiff-Appellant,

v.

HEUBLEIN INC., a Connecticut Corporation, Defendant-Appellee.

No. 74–1207 (C–195–73).

United States Court of Appeals, Tenth Circuit.

Submitted Nov. 15, 1974.

Decided March 6, 1975.

Allan L. Larson, of Worsley, Snow & Christensen, Salt Lake City, Utah, for plaintiff-appellant.

Ramon M. Child of Ray, Quinney & Nebeker, Salt Lake City, Utah, for defendant-appellee.

Before LEWIS, Chief Judge, and BREITENSTEIN and McWILLIAMS, Circuit Judges.

LEWIS, Chief Judge.

George Shuput, the plaintiff below, appeals from a judgment of the United States District Court for the District of Utah entered upon a ruling of the trial court granting the motion of the defendant, Heublein Inc., for a directed verdict. The plaintiff had sought damages for injuries he received when a polyethylene

stopper ejected from a champagne bottle, manufactured and distributed by Heublein, and struck him in the eye. He advanced the following theories in support of his claim: (1) negligence of the defendant in designing, manufacturing, and distributing a champagne bottle which would spontaneously and unexpectedly eject its stopper and the stopper's restraining wire, and in failing to warn thereof; (2) breach by the defendant of the warranties of merchantability and of the fitness of its product for its intended use; (3) breach by the defendant of its duty in strict liability. In directing its verdict at the close of the plaintiff's evidence, the trial court made clear, as the basis for its ruling, that Heublein owed plaintiff no duty to protect against the risk of the stopper's being ejected and causing injuries to the plaintiff and that the defendant's product was not unreasonably dangerous. Thus, the trial court stated that "[t]here isn't any undisclosed hazard . . . in this case."

Plaintiff now contends that his evidence was sufficient, under any one of his theories, to require the submission of his case to the jury. The question on appeal is, therefore, whether that evidence was such that reasonable persons could have reached but one conclusion as to the verdict—namely, that defendant should prevail. Brady v. Southern R. R., 320 U.S. 476, 479–80, 64 S.Ct. 232, 88 L.Ed. 239; Wright v. Marzo, 10 Cir., 427 F.2d 907, 909; Swearngin v. Sears Roebuck & Co., 10 Cir., 376 F.2d 637, 639. Mindful of our own admonition, that directed verdicts should be granted sparingly in consideration of the seventh amendment, Swearngin v. Sears Roebuck & Co., *supra,* we have neither weighed the credibility of the witnesses nor otherwise considered the weight of the evidence in our review of the record. Rather, we have viewed the evidence in the light most favorable to the plaintiff. Continental Ore Co. v. Union Carbide & Carbon Corp., 370 U.S. 690, 696, 82 S.Ct. 1404, 8 L.Ed.2d 777; Peter Kiewit Sons Co. v. Clayton, 10 Cir., 366 F.2d 551, 554. So viewed, the following facts appear.

During the afternoon of December 31, 1970, plaintiff attended a party given by his employer. Several bottles of defendant's champagne had been purchased and chilled. They had not been shaken or abused. Some of the bottles were opened, in each instance by pushing or in some way forcing the cork after the removal of the restraining wire. The host Mr. Ed Mawod began to open a bottle, first removing the foil wrapping on the bottle's top and then attempting to remove the restraining wire. He quickly became impatient with the wire and asked the plaintiff for assistance. The plaintiff said "you turn that" and reached to twist the wire himself. Mr. Mawod continued to hold the bottle but looked away from the plaintiff. He then heard a pop and saw the plaintiff on the floor. The polyethylene stopper had ejected from the bottle and, together with the loosened restraining wire, had struck plaintiff in the right eye. Only about fifteen seconds had elapsed since Mawod first picked up the bottle. The plaintiff later permanently lost all of the central vision in his right eye.

Plaintiff presented no evidence that the product was negligently designed in general nor that the subject bottle was separately defective in any way. As a consequence we agree, on this record, that plaintiff failed to make a case based on traditional negligence or specific warranty as it pertains to the particular bottle involved. We are left, then, to a consideration of whether plaintiff made a prima facie case under the doctrine of strict liability, a claim primarily relied on at trial and emphasized on appeal. The Supreme Court of Utah has not specifically recognized such doctrine but its trend of authority is not inconsistent with the doctrine. *See* Julander v. Ford Motor Co., 10 Cir., 488 F.2d 839, 844.

The thrust of plaintiff's case was that defendant's product was unreasonably dangerous, Restatement (Second) of Torts § 402A (1965), and more particularly that the uncorking of the product presented a dangerous and unreasonable hazard to the consumer-plaintiff requiring defendant to adequately warn of

such hazard. Plaintiff presented considerable evidence, largely through expert testimony, concerning the speed and force with which a plastic stopper will eject from a champagne bottle when the restraining wire is released under varying conditions.[1] And in regard to this evidence the defendant stipulated that champagne "corks under the pressure of the gases in the bottle, when you remove the wire, are likely to fly" and "with sufficient force to damage an eye." So, too, the trial court termed the corks, especially plastic ones, as "very dangerous things" but added that "is common knowledge."

We consider that plaintiff's evidence was obviously sufficient to allow the jury to find that defendant's product contained an unreasonable danger or hazard to the consumer and was thus defective, and that defendant did not remedy this defect by labeling the bottle to give adequate warning of that danger. No warning of any kind was given. The duty to warn, however, does not extend to a perfectly obvious hazard but we do not consider this to be such a case. The propensities of bubbly wine may be well known to many but are not a matter of such common knowledge as to be established as a matter of law and imposed as a matter of judicial knowledge. The court erred in so doing as a basis for directing a verdict.

As additional bases for its ruling, the trial court held not only that the plaintiff had failed to prove defendant's negligence but also that the plaintiff himself had been negligent.

Plaintiff testified that he knew champagne was bottled under pressure and that champagne corks would pop. He further stated, however, that he had never opened a bottle and "did not know that the cork would eject spontaneously." Clearly that offshoot of contributory negligence commonly referred to as assumption of risk is a defense to a strict liability claim, Perkins v. Fit-Well Artificial Limb Co., 30 Utah 2d 151, 514 P.2d 811, but the trial court again erred in holding the defense proved as a matter of law because "anyone knows" champagne stoppers can eject spontaneously. We agree, as plaintiff contends, that in addition to the jury question of whether defendant's product was unreasonably dangerous and thus defective, an additional factual issue exists in the determination of whether plaintiff acted unreasonably in view of what he knew or should have known about opening champagne bottles. Such issues are for the jury.

The plaintiff further suggests that on remand the case be ordered assigned to another and different judge and refers to numerous statements by the trial judge that plaintiff's case lacked merit. The record does reflect some impatience from the bench which we assume followed the court's belief that the case did lack merit but falls short of conduct requiring disqualification.

Reversed and remanded for a new trial.

---

1. This testimony indicated that cold champagne may eject the stopper with a momentum of 63 percent of that of a .22 caliber pistol firing a short cartridge.