This memorandum opinion was not selected for publication in the New Mexico Reports. Please see Rule 12-405 NMRA for restrictions on the citation of unpublished memorandum opinions. Please also note that this electronic memorandum opinion may contain computer-generated errors or other deviations from the official paper version filed by the Court of Appeals and does not include the filing date.

## IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO

**ANTOINETTE MOHAMMAD, a/k/a**
**ANTOINETTE LITTLE,**

 Plaintiff-Appellant,

v.                                                              **NO. 31,308**

**CANYON VISTA APARTMENT and**
**MONARCH INVESTMENT &**
**MANAGEMENT GROUP LLC,**

 Defendants-Appellees.

**APPEAL FROM THE DISTRICT COURT OF BERNALILLO COUNTY**
**C. Shannon Bacon, District Judge**

Alexander A. Wold, Jr.
Albuquerque, NM

for Appellant

Allen, Shepherd, Lewis, Syra & Chapman, P.A.
E. W. Shepherd
Randi N. Johnson
Albuquerque, NM

for Appellees

### MEMORANDUM OPINION

**BUSTAMANTE, Judge.**

Plaintiff appeals the district court's order granting summary judgment in favor of Defendants. We proposed to reverse in a notice of proposed summary disposition, and Defendants have filed a timely memorandum in opposition. Remaining unpersuaded by Defendants' arguments, we reverse.

"Summary judgment is appropriate where there are no genuine issues of material fact and the movant is entitled to judgment as a matter of law." *Self v. United Parcel Serv., Inc.,* 1998-NMSC-046*,* ¶ 6, 126 N.M. 396, 970 P.2d 582; *accord* Rule 1-056(C) NMRA. Once the movant makes a prima facie showing entitling it to summary judgment, the opposing party has the burden of establishing specific evidentiary facts which require a "trial on the merits." *Roth v. Thompson*, 113 N.M. 331, 334-35, 825 P.2d 1241, 1244-45 (1992). We review the grant of a motion for summary judgment de novo. *See Self*, 1998-NMSC-046, ¶ 6. Finally, we observe that summary judgment is a drastic remedy which should be used with extreme caution. *See Blauwkamp v. Univ. of N.M. Hosp.*, 114 N.M. 228, 231, 836 P.2d 1249, 1252 (Ct. App. 1992).

In their memorandum in opposition, Defendants claim that Plaintiff misstates the issues decided by the district court in granting summary judgment and that she "included unnecessary detail, conclusory statements, and legal argument in violation of the New Mexico Rules of Appellate Procedure." [MIO 1-6] They ask us to amend Plaintiff's statement of issues accordingly to reflect the correct issues of law that were presented to the district court [MIO 3] and to strike all of Plaintiff's improper or incorrect "assertions, arguments, and conclusory statements." [MIO 4, 7] We see no

reason to comply with Defendants' requests because Defendants are not prejudiced by any of these perceived errors or misrepresentations.

First, we need not strike Plaintiff's allegedly improper assertions, arguments, or conclusory allegations because our proposed disposition is based on our review of the record, not the representations made by Plaintiff in her docketing statement about matters that are irrelevant in analyzing the propriety of the district court's summary judgment order. Moreover, we need not formally amend Plaintiff's statement of issues because the analysis in our proposed disposition is directed to whether the district court erred in granting summary judgment based upon the arguments and showings presented by Defendants in support of their motion.

Review of Defendants' motion and the district court's decision, indicates that summary judgment was granted because the district court found that Defendants had established as a matter of law that they did not owe a duty to Plaintiff to keep the stairs free of ice and snow. [RP 75-77, 83-84, 86-95, 169] Review of Defendants' motion and the attachments thereto indicate that they prevailed based on proof that Plaintiff alleged she fell down the icy apartment stairs on December 27, 2006, yet at that point it had not snowed in Albuquerque for over a week. [RP 1, 75-77, 83-84, 86-95; MIO 8] Defendants argued they could not have owed - or breached - a duty to keep the stairs free of ice and snow because there could not have been any ice and snow at the time Plaintiff allegedly fell. [RP 75-77; MIO 8] In support of their argument, Defendants attached portions of Plaintiff's deposition testimony and her

3

answers to interrogatories where she specifically and unequivocally claims that the accident occurred on December 27. [RP 83-84, 97; MIO 8]

In our previous notice, we proposed to reverse the district court's order because we were not convinced that Defendants' showing that it did not snow on December 26 or 27, negated Plaintiff's allegations that she slipped on ice on the stairs or her allegations that Defendants were negligent in failing to properly clear the steps and sidewalks and failing to warn Plaintiff of the ice. [RP 1] We opined that even if it did not snow on December 26 or 27, snow from earlier in December could have remained on the stairs until the 27th. [RP 86, 88-89] Therefore, we were not convinced Defendants established a prima facie case entitling them to summary judgment because, assuming there was ice and snow remaining on December 27, 2006, Defendants might have breached a duty in failing to remove it. *See generally, Proctor v. Waxler*, 84 N.M. 361, 364, 503 P.2d 644, 647 (1972) (reversing the district court's order granting summary judgment to the defendants because issues of fact remained as to whether the defendants exercised reasonable care in discovering an icy condition on their premises, whether they exercised ordinary care in removing the ice and snow, and whether they were negligent in failing to warn of the icy condition).

We also proposed to hold that, to whatever extent Defendants' motion and attachments thereto established a prima facie case entitling them to summary judgment, Plaintiff's response was sufficient to rebut that showing and to establish a material issue of fact necessitating a trial. *See Roth*, 113 N.M. at 334-35, 825 P.2d at 1244-1245. In her response, Plaintiff argued that she must have been mistaken about

4

the precise date of the accident, and noted that the weather data showed significant snow fall at other times in December. [RP 86, 88-89, 93-95, 114-116] Plaintiff also submitted an affidavit claiming that it was snowing so hard on the day before the accident that the methadone clinic was closed due to the poor weather and that she saw no evidence Defendants had done anything to remove the snow or remedy the ice on the day before she fell. [RP 121] Although Defendants claim Plaintiff never "testified" as to the weather conditions the day before she fell and there is no evidence in the record proper that such testimony was proffered, [MIO 5] we do not understand this contention. Plaintiff's affidavit clearly states it was snowing heavily the day before she fell. [RP 121] That affidavit had been filed in the district court by the time it entered the order granting summary judgment. [RP 169]

In their reply brief, and in their memorandum in opposition, Defendants claim Plaintiff's submissions are insufficient to defeat summary judgment because a party may not create a factual dispute to defeat summary judgment by merely contradicting statements previously made under oath. [RP 127-132; MIO 5-6] *See Rivera v. Trujillo*, 1999-NMCA-129, ¶ 12, 128 N.M. 106, 990 P.2d 219 (holding that "post-hoc efforts to nullify unambiguous admissions under oath will not create a factual dispute sufficient to evade summary judgment"). They argue that Plaintiff definitely stated in her complaint and deposition that the accident occurred on December 27, and she should not be permitted to change that assertion to allege that the accident occurred at some other point in December. [RP 131; MIO 10]

We acknowledge that Plaintiff's deposition testimony, discovery responses, and the complaint itself, clearly state that the fall occurred on December 27, 2006. [RP 1, 83-84, 97] However, as discussed in our previous notice, her deposition testimony is internally inconsistent in that it also contains statements that at the time she fell, it snowed for four days, which is contrary to her claim that the accident occurred on the 27th and is consistent with the weather from other days in December, specifically, the 29th and 30th. [RP 83] Thus, Plaintiff's deposition testimony contains allegations that appear inconsistent with the accident occurring on the 27th and such inconsistencies must be resolved by the trier of fact. *See Sandoval v. Bd. of Regents of N.M. State Univ.*, 75 N.M. 261, 263, 403 P.2d 699, 701 (1965) (holding that, where the trial court has evidence before it that is in some respects directly contradictory, a substantial issue of material fact is raised thus precluding summary judgment); *cf. Jones v. Gibberd*, 77 N.M. 222, 223, 421 P.2d 436, 437 (1966) ("We are committed to the rule that in considering a motion for summary judgment for the defendant the evidence must be considered in its most favorable aspect in favor of the plaintiff, and if there is any doubt as to the facts, summary judgment should be resolved against the moving party."); *Burgi v. Acid Eng'g, Inc.*, 104 N.M. 557, 561, 724 P.2d 765, 769 (Ct. App. 1986) (observing that a conflict in testimony "entitles [the] plaintiff to present the merits of her case to the fact finder . . . even if the trial judge believes that ultimately a directed verdict against the plaintiff would be warranted").

Defendants claim that allowing Plaintiff's claim to go forward when it is impossible to know the day on which the fall allegedly occurred, will make it

impossible for Defendants to defend this action. [MIO 10-11] They claim they cannot defend a premises liability claim without knowing the date of the fall because they cannot explain the precautions that were taken on any specific date to avoid the accident. [MIO 11]

We are not persuaded this warrants summary judgment in Defendants' favor. At trial, they can alert the fact finder to their contention that Plaintiff is unable to prove when, or if, the accident happened, and they can introduce Plaintiff's contradictory statements as to when the accident allegedly occurred and the evidence showing that it could not have happened on the date Plaintiff initially provided in her deposition and complaint. They can also introduce evidence of whatever steps are customarily undertaken to remove snow from apartment stairways. All of this evidence may call Plaintiff's credibility into doubt and result in judgment for Defendants due to Plaintiff's inability to prove her case.

**Conclusion**

For the foregoing reasons as well as those set forth in our notice of proposed disposition, we reverse the district court's order granting summary judgment in favor of Defendants.

**IT IS SO ORDERED**.

_____

**MICHAEL D. BUSTAMANTE, Judge**

**WE CONCUR:**

7

_____

**MICHAEL E. VIGIL, Judge**

_____

**LINDA M. VANZI, Judge**